*267 The condition of slaves in this country is analogous to that of the slaves of the ancients, the Greeks and Homans, and not that of the villeins of feudal times. They are generally speaking not considered as persons, hut as things. They can be sold or transferred as goods or personal estate; they are held to be pro nullis, pro mortuis. Almost all our statute regulations follow the principles of the civil law in relation to slaves, except in a few cases, wherein the manners of modern times, softened by the benign principles of Christianity, could not tolerate the severity of the Roman regulations. They cannot be tortured; they cannot be put to death at the caprice of the master with impunity. Rut in most other respects they are considered as property. By the civil law slaves could not take property by descent or purchase •, and I apprehend this to be the law in this country, Many cases of beneficent provision for slaves, are allowed to take effect sub silentio, by the humanity of those interested. But when the law is appealed to, it must take its course. In this case an attempt was made by the testator to set the woman and her children free, which might place them in a capacity to take the estates devised. Buthe has failed in his attempt to do so. For the statute of this state on that subject expressly forbids any emancipation in any other way than by deed executed in the lifetime of the master, a certain time before liis decease, in a prescribed form, and this has not been complied with in the case under our consideration.
A bequest of a slave to a trustee, with directions to set the slaves free according to law, as this testator has done, seems to me to be an attempt to evade the law, which cannot be supported. But if it could, in general, it could notin this case, for the woman and all hor children, except one, had been mortgaged by the testator to secure a just debt; and the creditor has since the testator’s death enforced his rights, which were paramount, and sold the woman and her children to pay the debt, and they are now slaves to the purchaser.
As to tin- unmortgaged child, it was sold with iis parent, which must have been with the consent of tlw* *268 executors, doubtless to keep the infant with its mother* The executors liad a right to do so, and the child is then in legal servitude, and is incapable as well as the mother and the other children of taking under the will. The devises and bequests to trustees for these slaves, thus failing, the property intended for them will fall into the estate, and be applicable to thepaymcnt of the debts of the estate, (which is stated to be much encumbered) prior to the application of other property devised or bequeathed to other persons. The commissioner reported that it was necessary to sell the property mentioned in the bill of complainant j and no exceptions having been made to his report, it is ordered and decreed) that the ieal and personal estate mentioned in the bill in this case, be sold at auction by the commissioner, on a credit of one year, with interest, and that he take bond with security and a mortgage for the. purchase money, and that the commissioner do advertise the sale thereof in the State Gazette, three times before the sale, and that the costs be paid out of the estate. '
(Signed) Henry ¥m. Desaussure,